**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Ethan T. Litney (SBN 295603)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: elitney@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for Plaintiff
ANA AGUIRRE-VALDIVIA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA AGUIRRE-VALDIVIA, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MASTERCORP, a Tennessee Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 3:19-cv-2424-CAB-WVG<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) FAILURE TO COMPENSATE FOR ALL HOURS WORKED [LAB. CODE, §§ 1194, 1197, 1197.1]**<br><br>**(2) FAILURE TO PAY OVERTIME PREMIUM PAY [LAB. CODE, § 510]**<br><br>**(3) FAILURE TO REIMBURSE EXPENSES [LAB. CODE, § 2802]**<br><br>**(4) FAILURE TO PROVIDE MEAL PERIODS [LAB. CODE, §§ 226.7, 512]**<br><br>**(5) FAILURE TO PROVIDE REST PERIODS [LAB. CODE, § 226.7]**<br><br>**(6) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS [LAB. CODE, § 226]**<br><br>**(7) FAILURE TO TIMELY PAY WAGES DUE OF DISCHARGED EMPLOYEES [LAB. CODE, §§ 201-203]**<br><br>**(8) UNDERPAID WAGES [LAB. CODE, § 558]** |

**(9) UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE, § 17200 *ET SEQ*.]**

**DEMAND FOR JURY TRIAL**

ANA AGUIRRE-VALDIVIA, an individual ("Plaintiff" or "Ms. Aguirre-Valdivia"), brings this action against Defendant, MASTERCORP, INC., a Tennessee corporation registered with the California Secretary of State ("Defendant" or "MasterCorp"), and DOES 1 through 100, inclusive, on behalf of herself and all others similarly situated, and alleges, on information and belief, the following:

## INTRODUCTION

1. MasterCorp provides housekeeping, floor care, staffing, engineering, laundry, and commercial facility maintenance services for the hospitality industry. MasterCorp employs non-exempt hourly employees in California, such as housekeepers and maintenance personnel, to provide services for its hospitality clients.

2. MasterCorp assigns each non-exempt employee a set amount of work each day that they are expected and incentivized to complete. Because of these pressures and incentives, MasterCorp's employees rarely take full uninterrupted meal periods or rest breaks, despite working qualifying shifts. MasterCorp's incentive and volume-based business model discourages workers from taking California mandated meal and rest breaks and there is no bona fide relief from duties for these periods during a work day.

3. Despite the lack of breaks realistically permitted or taken by its employees, MasterCorp automatically deducts exactly 30 minutes from each employee's reported hours each workday for a non-existent "meal period." MasterCorp does not actually track or monitor these meal periods or allow its employees to report when a break or meal is not actually taken or permitted in a day.

This time shaving results in a failure to pay for all hours and deprives MasterCorp's employees of overtime pay.

4.  MasterCorp's employment practices are unfair to its employees and competitors who fairly compensate employees under California law. Plaintiff and the Class Members bring this Class Action Complaint for recovery of wages, penalties, and unjust gains realized by Defendant for violating California's Labor Code, Code of Regulations, Industrial Wage Commission ("IWC") Wage Orders, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## JURISDICTION & VENUE

5.  MasterCorp removed this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. It did so on the grounds that, when the initial Complaint was filed and presently, complete diversity of citizenship exists between Plaintiff and MasterCorp, the amount in controversy exceeds the jurisdictional minimum, and because removal was permitted under the Class Action Fairness Act ("CAFA"). *See* ECF No. 1.

## PARTIES

6.  Ms. Aguirre-Valdivia worked as a housekeeper for MasterCorp at Welk Resorts San Diego in Escondido, California, from mid-2018 through late-2019.

7.  Plaintiff is informed and believes MasterCorp is an active corporation organized and existing under the laws of the State of Tennessee and registered with the California Secretary of State. MasterCorp is authorized to carry out and does carry out significant business in San Diego County. MasterCorp employed Plaintiff and other employees who work and reside in this County and are members of the proposed Class (defined below).

8.  Plaintiff does not know the true names and/or capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason sues said Defendants under fictitious names.

Plaintiff will seek leave to amend this Complaint when the true names and capacities of these Defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that these Defendants are responsible in whole or in part for Plaintiff and the Class Members' damages.

## GENERAL ALLEGATIONS

9. MasterCorp employs non-exempt hourly employees in California, such as housekeepers and maintenance personnel, to provide services for its hospitality clients, namely hotels and vacation properties like the Welk Resorts where Plaintiff worked.

10. To maximize profitability and productivity, MasterCorp assigns each non-exempt employee set amounts of work each day that they are expected and incentivized to complete during normal working hours. Overtime is discouraged and employees are expected to complete the ambitious targets set for them during regular hours.

11. MasterCorp even provides additional "piece rate" compensation to its employees on top of hourly pay based on the number and timeliness of completed tasks.

12. This system pressures, coerces, and incentivizes employees to perform their duties in ways that omit any breaks for meal and rest periods. Because of MasterCorp's business model, where speediness is demanded and rewarded, employees rarely take full uninterrupted meal periods or rest breaks, despite working qualifying shifts, usually eight or more hours in length. To complete MasterCorp's onerous task list during scheduled working hours and to qualify for incentive bonuses, employees are left with no meaningful choice other than to work through their meal and rest breaks.

13. Despite the fact that breaks are rarely, if ever, taken, MasterCorp uses a time keeping feature that clocks employees off work for 30 minutes per shift irrespective of whether the employee actually clocks or records a meal or rest break

that day. This "shaved time" from the employee's shift is not built into the broader schedule that MasterCorp has for the employee each day and it does not reflect actual data entered by the employee for when any work started or stopped. MasterCorp could easily track breaks via technology it uses to track the time and progress its employees are making, but it chooses not to in favor of simply detracting 30 minutes per shift irrespective of whether a break is taken.

14. MasterCorp provides no mechanism for employees to report when a 30-minute break is not actually taken or permitted in a day, is interrupted, or otherwise adequately provided under the law. Instead, employees are periodically forced to "confirm" meal and rest periods were provided on a given shift during the process to clock out.

15. MasterCorp's reduction in time worked results in a failure to pay for all hours worked in violation of California law. For example, if an employee works for 8.5 hours in a day but is erroneously clocked out for a 30-minute break he/she did not take, this results in 8 hours of pay and an uncompensated half hour that should have been paid at 1.5 times the employee's regular rate. This example is commonplace and permeates the relationship between MasterCorp and its employees. MasterCorp is aware that work continues during "clocked out" periods.

16. MasterCorp forces its employees to utilize a mobile application (i.e., MasterMind) to track their time and work completed. This requires employees to maintain an active smart phone and incur cellular data charges, which go unreimbursed by MasterCorp in violation of California law. The use of this application also gives MasterCorp actual or constructive knowledge that employees are not taking uninterrupted 30-minute meal and 10-minute rest periods during the day.

17. MasterCorp's failure to pay for all hours worked also extended to its clocking-in procedures. Plaintiff and the Class were required to wait in line to access a MasterCorp computer in order to clock into work at the beginning of each workday. Plaintiff and the Class would ordinarily have to wait several minutes each workday to

gain access MasterCorp's computer. As such, Plaintiff and the Class worked off-the-clock each workday, without compensation.

18. Because of MasterCorp's uniform scheduling, time keeping, clocking-in procedures, and non-existent reimbursement policies and standards, Plaintiff and the Class Members suffered uncompensated hours worked, including overtime hours, as well as a violation of their rights to uninterrupted, uncontrolled meal and rest breaks, along with unreimbursed expenses.

19. As a further result of the above, Plaintiff and the putative class failed to receive adequate wage statements in compliance with California law. Among other things, their wage statements failed to accurately reflect all hours worked and all compensation due. Lastly, upon termination of the employment relationship, MasterCorp failed to timely pay Plaintiff and the Class at the conclusion of their employment all wages owed, including overtime wages, meal period premium wages, and rest period premium wages.

## CLASS ALLEGATIONS

20. Pursuant to Federal Rule of Civil Procedure Rule 23, Plaintiff brings this lawsuit as a class action on behalf of herself and all other similarly situated workers, as defined below. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of class actions.

21. **Class Period.** The Class Period shall be defined as: from four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable or other forms of tolling.

22. **Class Definition.** Plaintiff seeks to represent the following class of persons:

> All individuals who worked as hourly, non-exempt employees for MasterCorp in California during the Class Period.

23.     The Class does not include Defendant, its officers, and/or its directors; the Judge to whom this case is assigned; or the Judge's immediate family or staff.

24.     Plaintiff reserves the right to amend the above Class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability, among other reasons.

25.     **Numerosity.** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and reasonably believes that there are in excess of 100 individuals meeting the class definition. Defendant has access to data necessary to identify the members of the Class.

26.     **Adequacy of Representation.** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys are highly experienced in employment Class action litigation. Plaintiff intends to prosecute this action vigorously.

27.     **Common Questions of Law and Fact.** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiff and the claims of the Class as follows:

   a.   Whether Defendant failed to reimburse employees for expenses;
   b.   Whether Defendant provided inadequate meal and rest breaks to employees;
   c.   Whether Defendant paid employees all wages due, including overtime wages;
   d.   Whether Defendant provided proper wage statements to employees;

    e. Whether Defendant engaged in an unlawful, unfair, and/or fraudulent business practice or act in violation of Business and Professions Code, section 17200 *et seq.* as it relates to employees.

28. **Typicality.** The claims of Plaintiff are typical of the claims of all members of the Class because Defendant applied and continues to apply its illegal pay practices uniformly to all employees.

29. **Superiority of a Class Action.** A Class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a Class action.

### FIRST CAUSE OF ACTION
**Failure to Compensate for All Hours Worked – Lab. Code, §§ 1194, 1197, 1197.1**
**By Plaintiff on Behalf of Herself and the Class**
**Against MasterCorp and DOES 1-100**

30. Plaintiff incorporates by reference every allegation contained above.

31. Plaintiff brings this claim individually and on behalf of the Class.

32. Pursuant to California Labor Code §§ 1194, 1197, and 1197.1 as well as applicable IWC Wage Orders, Defendant must compensate Plaintiff and the Class for *all* hours worked. California defines hours worked as the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work.

33. Defendant failed to compensate Plaintiff and the Class for all hours worked in violation of California law. This was due, in part, to Defendant's uniform policy of automatically deducting 30 minutes from every employee's hours each

workday for a "meal period" irrespective if a meal period was taken. Defendant does not track or monitor the supposed meal periods and there is no mechanism for employees to report when a 30-minute break is not actually taken or permitted in a day, which is the norm. Also, Defendant's uncompensated clocking-in procedure robbed Plaintiff and the Class of hours worked in violation of California law.

34. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime – Lab. Code, § 510 and Wage Orders**
**By Plaintiff on Behalf of Herself and the Class**
**Against MasterCorp and DOES 1-100**

35. Plaintiff incorporates by reference every allegation contained above.

36. Plaintiff brings this claim individually and on behalf of the Class.

37. Under California Labor Code section 510 and applicable IWC Wage Orders, Defendant must pay non-exempt employees, like Plaintiff and the Class, overtime premium pay at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 8 hours in a day or 40 hours in a week.

38. Because of MasterCorp's business model, where speediness is demanded and rewarded, employees rarely take full uninterrupted meal periods, despite working qualifying shifts, usually eight hours in length. Defendant's uniform 30-minute deduction policy for "meal breaks," which rarely occur in practice, robs Defendant's employees of duly earned overtime pay in violation of California law. Shaving time off of the beginning of work day due to clock-in waiting time also robs employees of overtime.

39. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class sustained damages and are entitled to recover unpaid overtime wages, interest, applicable penalties, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
**Failure to Reimburse Expenses – Lab. Code, § 2802 and Wage Orders**
**By Plaintiff on Behalf of Herself and the Class**
**Against MasterCorp and DOES 1-100**

40. Plaintiff incorporates by reference every allegation contained above.

41. Plaintiff brings this claim individually and on behalf of the Class.

42. California Labor Code, section 2802, and IWC Wage Orders require that employers reimburse employees for business expenses reasonably incurred.

43. MasterCorp forces its employees to utilize a mobile application (i.e., MasterMind) to track their time and work completed. As a result, Plaintiff and the Class incurred business expenses on MasterCorp's behalf. Defendant's employees must maintain an active mobile phone and pay carrier and data usage fees. MasterCorp has never reimbursed its employees for their necessary business expenses.

44. Plaintiff and the Class, therefore, have been damaged by Defendant's failures in this respect in an amount to be proven at trial.

45. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class sustained damages and are entitled to recover unpaid wages, interest, applicable penalties, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
**Failure to Provide Meal Periods – Lab. Code, § 226.7 and Wage Orders**
**By Plaintiff on Behalf of Herself and the Class**
**Against MasterCorp and DOES 1-100**

46. Plaintiff incorporates by reference every allegation contained above.

47. Plaintiff brings this claim individually and on behalf of the Class.

48. Under Labor Code, sections 226.7 and 512, as well as applicable IWC Wage Orders, employers must provide a 30-minute uninterrupted, off-duty meal period for each work shift of more than five hours. Where an adequate meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

49. Plaintiff and the Class routinely worked shifts of more than five hours. For shifts meeting the five-hour threshold, MasterCorp enacted a policy of automatically deducting 30-minutes for "meal breaks." However, MasterCorp does not track or monitor these supposed meal periods and there is no mechanism for employees to report when a 30-minute break is not actually taken or permitted in a day, which is the norm.

50. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class sustained damages and are entitled to recover unpaid wages, interest, applicable penalties, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION
**Failure to Provide Rest Breaks – Lab. Code, § 226.7 and Wage Orders
By Plaintiff on Behalf of Herself and the Class
Against MasterCorp and DOES 1-100**

51. Plaintiff incorporates by reference every allegation contained above.

52. Plaintiff brings this claim individually and on behalf of the Class.

53. Pursuant to Labor Code, section 226.7, as well as applicable IWC Wage Orders, employers must provide a 10-minute uninterrupted, off-duty rest break for each work shift of 3.5 hours or more. For shifts longer than 6 hours, two 10-minute rest breaks must be provided; and for shifts longer than 10 hours, three 10-minute rest breaks must be provided. During these periods, an employer must relieve the employee of all duties and relinquish all control over how an employee spends his/her time. Where a rest break is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

54. Plaintiff and the Class routinely worked shifts of 3.5 hours, 6 hours, and/or 10 hours or more. Yet MasterCorp failed to provide for any off-duty, legally sufficient rest breaks. MasterCorp also failed to pay compensation in lieu of these rest breaks.

55. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class sustained damages and are entitled to recover unpaid wages, interest, applicable penalties, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements –
Lab. Code, §226 and Wage Orders
By Plaintiff on Behalf of Herself and the Class
Against MasterCorp and DOES 1-100**

56. Plaintiff incorporates by reference every allegation contained above.

57. Plaintiff brings this claim individually and on behalf of the Class.

58. California Labor Code Section 226 and IWC Wage Orders require employers to regularly provide employees with itemized wage statements. The purpose of section 226 is to ensure employees can determine whether they are being paid their wages in accordance with California law. Under Section 226(h), "[a]n employee may [] bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

59. MasterCorp violated California law by, among other things, failing to provide employees, including Plaintiff and the Class, accurate gross and net wages earned, and hours worked on a regular and compliant paystub.

60. MasterCorp's violations of Labor Code section 226 and applicable Wage Orders are ongoing and will continue until and unless this Court enters an injunction barring such violations. Therefore, Plaintiff and the Class seek damages and injunctive relief pursuant to Labor Code section 226, subsections (e) and (g), along with penalties for past violations, including attorneys' fees and costs incurred.

### SEVENTH CAUSE OF ACTION
**Failure to Timely Pay Wages of Discharged Employees – Lab. Code, §§ 201-203
By Plaintiff on Behalf of Herself and the Class
Against MasterCorp and DOES 1-100**

61. Plaintiff incorporates by reference every allegation contained above.

62. Plaintiff brings this claim individually and on behalf of the Class.

63. California Labor Code sections 201 and 202 provide that if an employer

discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64. Within the applicable statute of limitations, the employment of Plaintiff and other Class Members ended (i.e., was terminated by quitting or discharge). However, during the relevant time period, MasterCorp failed, and continues to fail to pay terminated Class Members all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of leaving MasterCorp's employ.

65. MasterCorp's failure to pay Plaintiff and those Class Members who are no longer employed their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of leaving MasterCorp's employ, is in violation of California Labor Code sections 201 and 202.

66. Plaintiff and the Class are entitled to recover their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code section 203.

67. Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

**EIGHTH CAUSE OF ACTION**
**Underpaid Wages – Lab. Code, §558**
**By Plaintiff on Behalf of Herself and the Class**
**Against MasterCorp and DOES 1-100**

68. Plaintiff incorporates by reference every allegation contained above.

69. Plaintiff brings this claim individually and on behalf of the Class.

70. California Labor Code Section 558 provides civil penalties for underpaying employees. Those penalties include "an amount sufficient to recover underpaid wages," which "shall be paid to the affected employee."

71. Defendant failed to compensate Plaintiff and the Class for all hours worked, and thus all wages earned, in violation of California law. This was due, in part, to Defendant's uniform policy of automatically deducting 30 minutes from every employee's hours each workday for a "meal period" irrespective if a meal period was taken. Defendant does not track or monitor the supposed meal periods and there is no mechanism for employees to report when a 30-minute break is not actually taken or permitted in a day, which is the norm. It is also due to the Class' inability to clock-in upon arriving at work due to lines as described above.

72. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class seek damages pursuant to Labor Code section 558, subsections (a)(1)-(3), along with attorneys' fees and costs incurred.

### NINTH CAUSE OF ACTION
**Unfair Competition – Bus. & Prof. Code, §17200 *et seq.*
By Plaintiff on Behalf of Herself and the Class
Against MasterCorp and DOES 1-100**

73. Plaintiff incorporates by reference every allegation contained above.

74. Plaintiff brings this claim individually and on behalf of the Class.

75. California's Unfair Competition Laws – Bus. & Prof. Code Sections 17200, *et seq.* – broadly prohibit unlawful, unfair, and deceptive business practices.

76. MasterCorp knowingly and willfully engaged in unlawful practices as described above, which include but are not limited to:

> i. Illegally shifting its business operative expenses to the Class by failing to reimburse for business expenses and instead forcing employees to use their wages to pay for Defendant's business expenses;
>
> ii. Failing to pay for all hours worked, including overtime hours; and

        iii. Failing to provide adequate meal and rest breaks.

77. MasterCorp intended to, and did, profit from these illegal acts.

78. As a direct and proximate result of the above, Plaintiff and the Class have lost money or property, thereby entitling these individuals to restitution. Plaintiff and the Class are entitled to restitution of money or property acquired by MasterCorp by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

79. MasterCorp's acts of unfair competition continue unabated to this day. Pursuant to the Business and Professions Code, the Class and the public are therefore also entitled to injunctive relief against MasterCorp's ongoing continuation of such unlawful business practices, including public injunctive relief.

80. If MasterCorp is not enjoined from engaging in the unfair competition, including the unlawful business practices described above, Plaintiff and her fellow Class members, and the public will be irreparably injured. The exact extent, nature, and amount of such injury is difficult to ascertain now.

81. Plaintiff and the Class have no plain, speedy, and adequate remedy at law. Furthermore, the success of Plaintiff and the Class in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the public.

82. Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiff is therefore entitled to an award of attorneys' fees and costs of suit under the "common fund," "substantial benefit," and other important doctrines.

### **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1. For an order certifying the Class as described herein, appointing Plaintiff as class representative, and their counsel as class counsel;
2. For compensatory damages according to proof;
3. For enhanced damages, liquidated damages, and penalties as permitted under California law;
4. For pre-judgment and post-judgment interest where allowable;
5. For injunctive relief, including public injunctive relief, as described herein;
6. For restitution as described herein;
7. For an order enjoining Defendant from any further acts and practices which violate the UCL;
8. For costs of suit;
9. For reasonable attorneys' fees and costs; and
10. For such other and further relief as this Court may deem just and proper.

Respectfully submitted:
Dated: June 17, 2020

**NICHOLAS & TOMASEVIC, LLP**

By: */s/ Shaun Markley*
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for Plaintiff