UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA AGUIRRE-VALDIVIA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MASTERCORP, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.:  19-CV-2424-CAB(WVG)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE**<br><br>**[Doc. Nos. 36, 37.]** |

### I.   INTRODUCTION

The Court held a discovery videoconference on July 17, 2020 and heard arguments regarding a dispute over the scope of permissible class discovery. (*See* Doc. Nos. 36, 37.) The dispute is over Plaintiff's Requests for Production of Documents ("RFPs") which seek production of:

> A.   Names and contact information for non-exempt California employees using MasterMind[1] and those who underwent the secure biometric clock-in procedures. *See* RFP No. 1 (Ex. A, pgs. 4-6) and Rog No. 1 (Ex. B, p. 2).[2]

---

[1] MasterMind is an app which allows housekeepers to get their assignments in "real time" and check their work schedule. *MASTERCORP*, https://www.mastercorp.com/en/news/latest-news/mastermind-mobile-housekeeping-assignments-smart-phone

[2] Although these requests are styled more broadly, Plaintiff offered to limit contact

   B.   Documents reflecting MasterCorp's policies and procedures for reimbursing non-exempt California employees for use of their cell phones to access MasterMind and communications regarding its reimbursement policies to these employees. *See* RFP 12 and 4 (Ex. A, pgs. 6-7).

   C.   Documents relating to MasterCorp's policies and procedures for clocking-in and tracking all hours worked applicable to non-exempt employees in California. *See* RFP 5 and 7 (Ex. A, pg. 6).

(Doc. No. 36 at 3.)

Defendant objects to discovery at locations other than the Lawrence Welk Resort ("Welk") because it contends its company-wide policies are compliant with State law and Plaintiff has failed to show violations at locations other than Welk. (Doc. No. 36-3 at 8.) However, the Court finds Defendant's objections are against the spirit of the Federal Rules of Civil Procedure ("Rules"), which allow for broad discovery, and this Court's Civil Chambers Rules ("Chambers Rules"), which prohibit boilerplate objections and conditional responses to discovery requests. Judge Gallo's Chambers Rules, Appendix B ("Waiver of Discovery Objections").

The Court is dismayed that Defendant's justification for its objections to state-wide policy production was not explained until the discovery videoconference. Despite stating every request was objectionable for the same reasons, Defendant did not attempt to demonstrate how or why the requests were overbroad, unduly burdensome, or irrelevant. This Court's Chambers Rules unequivocally instruct against boilerplate objections or conditional waivers. As a result, the Court finds that Defendant failed to properly object despite the Court's Chambers Rules and the Federal Rules of Civil Procedure.

---

information only to those who used MasterMind and/or underwent the secure biometric clock-in procedure. (Doc. No. 36 at 3.)

After reviewing Plaintiff's discovery requests and Defendant's objections, and considering the arguments asserted by both parties at the discovery videoconference and in briefing, the Court issues the rulings below.

## II.   DISCUSSION AND RULING

### A. Defendant Shall Produce Names and Contact Information for a Mutually Agreeable Randomly Selected Group of 100 Non-Exempt California Employees Who Use Mastermind and/or Undergo Biometric Clock-In Procedures, Provided Plaintiff Limits Discussion to These Issues Only.

Defendant objected to Plaintiff's request for names and contact information for non-exempt California employees using Mastermind and those who underwent the secure biometric clock-in procedures on the grounds that the request was "overbroad, unduly burdensome, and [sought] information that is neither relevant nor proportional to the needs of Plaintiff's claims[.]" (Doc. No. 36-3 at 7.) Specifically, Defendant contends its expense reimbursement policy and timeclock procedures are compliant with State law and Plaintiff merely speculates that violations occurred state-wide simply because they occurred at Welk. (Doc. No. 37 at 3-4.)

Defendant's objections are against the spirit and intent of the Federal Rules of Civil Procedure, which allow for broad-based discovery within certain parameters—relevancy being one of them. Fed. R. Civ. P. 26(b)(1). The relevance standard is generally recognized as broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)[3] (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Here, while Plaintiff may not have specific evidence of violations now, it is not beyond comprehension that Defendant's conduct at one location

---

[3]Although Rule 26(b)(1) now limits discovery to information relevant to "claims and defenses and proportional to the needs of the case" rather than "the subject matter involved in the pending action," the *Oppenheimer Fund* definition is still of historical significance. *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co.*, No. 15cv1401-BEN-MDD, 2017 U.S. Dist. LEXIS 143389, at *3 (S.D. Cal. Sep. 5, 2017).

occurred at others. Thus, because Plaintiff's discovery request is relevant to the claims involved in the pending action, it is within the scope of discovery as outlined in the Federal Rules of Civil Procedure.

That being said, Defendant's objection regarding proportionality is not without merit. Discovery must be proportional to the needs of the case considering the parties' access to the information, the importance of the discovery in resolving the issues, and whether the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Here, Plaintiff has no easier way of determining whether violations occurred at other locations, and Defendant admitted in the discovery videoconference there is no burden to them in producing the requested list of employees. Defendant's concern lies in Plaintiff engaging in a "fishing expedition" for other claims. For this reason, the Court will limit Plaintiff to only inquire about the MasterMind app and biometric clock-in procedures when contacting these employees. In addition, the Court limits the production to a mutually agreed upon randomly selected group of 100 non-exempt California employees. During the discovery videoconference, both parties agreed a representative sample of employees would be more reasonable for this type of inquiry.

### B. Defendant Shall Provide Specific Objections to RFPs 4, 5, 7 and 12.

Defendant's objections were the same for RFPs 4, 5, 7 and 12. Defendant objected on the grounds that the requests were "overbroad, unduly burdensome, and [sought] documentation and ESI that is neither relevant nor proportional to the needs of Plaintiff's claims to the extent it seeks . . . documentation or ESI regarding . . . site specific information for locations other than Welk[.]" (Doc. No. 36-3 at 11-16, 21-22.) However, where a responding party provides a boilerplate or generalized objection, the objection is insufficient and "tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (citations omitted). The responding party must clarify, explain, and support its objections. *Anderson v. Hansen*, No. 09CV1924-LJO-MJS(PC), 2012 U.S. Dist. LEXIS 131010 at *9 (E.D. Cal. Sep. 13, 2012) (citation omitted) (overruling unsupported boilerplate objections in their entirety).

Further, Defendant conditionally responded to RFPs 4, 5, 7 and 12 by stating it would produce the responsive non-privileged documents after a reasonable search and inquiry, "subject to and without waiving the foregoing objections[.]" (Doc. No. 36-3 at 11-16, 21-22.) However, conditional responses are not permitted by the Federal Rules of Civil Procedure and this Court's Chambers Rules. Rule 34(b)(2) permits only three responses to a discovery request: produce the documents; object to the request as a whole; or object to part of the request, provided the response specifies the part objected to and responds to the non-objectionable portion. *Sprint Commc'ns. Co. v. Comcast Cable Commc'ns., LLC*, No. 11-2684-JWL, 2014 U.S. Dist. LEXIS 16938 at *9 (D. Kan. Feb. 11, 2014). In addition, Rule 26(g)(1)(B)(i)-(iii) requires parties responding to discovery requests to certify the responses are consistent with the Rules, "not imposed for any improper purpose," and are "neither unreasonable nor unduly burdensome." Conditional responses to discovery requests serve only to "waste the time and resources of both the Parties and the Court." *Consumer Elecs. Ass'n. v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 U.S. Dist. LEXIS 80465 at *7 (S.D. Fla. Sep. 18, 2008). Because conditional responses are improper, the objections may be considered waived, and the response to the discovery request stands. *Estridge v. Target Corp.*, No. 11-61490-CIV, 2012 U.S. Dist. LEXIS 21593 at *3 (S.D. Fla. Feb. 16, 2012) (citations omitted).

Expectedly, Defendant's boilerplate objections and conditional responses to RFPs 4, 5, 7 and 12 have left Plaintiff and this Court unclear about what documents will be produced. In fact, Defendant admitted during the discovery videoconference that Plaintiff "might" already have some state-wide policy documents it objected to producing. Thus, Defendant shall re-draft its objections to RFPs 4, 5, 7 and 12 after consulting this Court's Chambers Rules and the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: July 21, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge